IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AUGUSTA CLEMONTINE CRABTREE,
*o/b/o* D.R.C.                                                                                    PLAINTIFF

vs.                                         Civil No. 4:20-cv-04015

ANDREW SAUL                                                                                    DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Augusta Clemontine Crabtree ("Plaintiff") brings this action on behalf of D.R.C., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking review of a final decision of the Commissioner of the Social Security Administration ("SSA") to cease the childhood benefits of D.R.C. due to medical improvement under Title XVI of the Social Security Act (Act), 42 U.S.C. § 1382c(a)(3).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

1. **Background:**

Plaintiff's mother filed a childhood disability application on behalf of D.R.C. on July 13, 2013. (Tr. 159-167).[1]  In a determination dated September 23, 2013, Plaintiff was found disabled

---

[1] References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 8.  These references are to the page number of the transcript itself, not the ECF page number.

1

as of March 10, 2013. (Tr. 49). On August 11, 2015, it was determined Plaintiff, who was 12 years old, was no longer disabled as of August 1, 2015. (Tr. 50). Thereafter, Plaintiff requested an administrative hearing. This hearing request was granted, and the administrative hearing was held on September 10, 2018. (Tr. 28-40). At this hearing, Plaintiff and D.R.C. were present but were not represented by counsel. *Id.* Plaintiff testified at this hearing. *Id.* Following the hearing, the ALJ determined Plaintiff's disability ended on August 1, 2015. (Tr. 13-27).

In the decision, the ALJ determined that on August 1, 2015, D.R.C. was medically improved and his medical disability ended. (Tr. 13, Finding 3). The ALJ noted D.R.C. was born on June 9, 2003, and he was an adolescent, as of August 1, 2015, as well as at the time of the decision. (Tr. 13, Findings 4). The ALJ found that since August 1, 2015, the impairments that D.R.C. had at the time of the comparison point decision have not functionally equaled the listings of impairments. (Tr. 13, Finding 5).

In assessing whether D.R.C.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 13-19, Finding 5). Specifically, the ALJ determined D.R.C. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) no limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in ability to care for herself; and (6) no limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined D.R.C. had not been under a disability, as defined by the Act, as of August 1, 2015. (Tr. 22, Finding 9).

Plaintiff requested a review of the ALJ's decision, which the Appeals Council denied on July 8, 2019. (Tr. 1-5). As a result, Plaintiff brought this action under 42 U.S.C. § 405(g), appealing the Commissioner's final decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2013, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments

("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.     Discussion:**

In Plaintiff's *pro se* appeal brief, she argues D.R.C.'s treatment and education records support a finding of disabled due to his ADHD. ECF No. 10. Plaintiff also raises a claim for overpayment of benefits. *Id.* The Court will evaluate these arguments for reversal.

### A. ALJ's Disability Determination

As noted above, the ALJ evaluated six domains of functioning to determine functional equivalence: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself, and (6) health and physical well-being. The ALJ properly determined D.R.C. had no limitation and at most less than marked limitations in the six functional domains and he did not equal or meet a listing.

A review of the objective medical evidence of record demonstrates that when D.R.C. took his ADHD medication as prescribed, his condition was controlled. *Hensley v. Colvin*, 829 F.3d 926, 933 (8th Cir. 2016). On August 10, 2015, Dr. Samuel Hester, conducted a mental diagnostic evaluation. (Tr. 331- 337). According to the evaluation, D.R.C. reported some problems with concentration and focus and social anxiety, but had the ability to acquire and use information; and attend and complete information when complaint with his ADHD medication. (Tr. 331-332). The evaluation also determined D.R.C. had the ability to perform most activities of daily living independently; communicate in an intelligible and effective manner; and communicate and interact in a socially adequate manner. (Tr. 336).

The ALJ also relied on records from Dr. Roger House who noted that after D.R.C. became compliant with his medication, his concentration, energy, and thought content/process were within normal limits. (Tr. 356-358). D.R.C. also had clear speech and average intellectual functioning. (Tr. 356-358). Dr. Kevin O'Sullivan also noted D.R.C.'s symptoms were well controlled on his current medication regimen. (Tr. 367). The medical evidence demonstrates D.R.C.'s ADHD improved when he was complaint with his medication, and supports the ALJ's disability determination.

Additional support of the ALJ's decision came from Plaintiff's testimony. D.R.C's mother testified he had not repeated any grades and attended regular classes. (Tr. 33). She further testified his ADHD medication helped with "a whole lot" and had no side effects. (Tr. 34). D.R.C's mother also stated he had friends, played basketball and football, and played on his tablet or phone. (Tr. 35).

D.R.C.'s educational records also support the ALJ's determination. Plaintiff indicated D.R.C. performed better in school when he was compliant with his medication. (Tr. 304, 332, 362). Records show that in seventh grade, D.R.C. received below average grades in Math and Reading, but obtained average grades in Writing, Social Studies, and Boys Athletics. (Tr. 298). Also, in the first quarter of eighth grade, D.R.C. received a below average grade in only one subject. (Tr. 301). Finally, a teacher questionnaire from D.R.C's eighth grade teacher indicated Plaintiff had no problems in several areas such as acquiring and using information, attending and completing tasks and interacting and relating to others. (Tr. 291- 295).

Because the Court cannot find a basis for reversal as to any of the domains of functioning, the Court likewise finds no basis for reversal in this case.

### B. <u>Overpayment of Benefits</u>

In her appeal brief, Plaintiff also raises a claim related to overpayment of benefits. ECF No. 10. However, based on a review of the record, Plaintiff's claim is without merit.

In a letter dated, July 26, 2016, the Commissioner advised Plaintiff was paid $7,202.00 too much in SSI benefits from November 1, 2015, through August 1, 2016. ECF No. 11, pgs. 14-18. Plaintiff's eligibility for payment ended October 2015. *Id.* The Plaintiff was further advised that if she did not agree with the decision, she had the right to ask for a waiver or appeal within 60 days. *Id.* Plaintiff never applied for a waiver or appealed the overpayment to the Commissioner.

The Eighth Circuit has held the failure to raise a claim in some fashion during the administrative process forfeits the claim for purposes of federal court review. *See Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003).

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **16th day of October 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE